UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAMON A. GERMAN,<br>    Petitioner, | :<br>:<br>: |
| v. | :    No. 3:03 CV 659 (SRU) |
| IMMIGRATION AND<br>NATURALIZATION SERVICE,<br>    Respondent. | :<br>:<br>:<br>: |

### RULING ON MOTION FOR RELIEF FROM JUDGMENT

Ramon German,[1] a native and citizen of the Dominican Republic who is subject to a final order of deportation, filed a petition for a writ of habeas corpus challenging his continued detention. In his petition, German relied primarily on Zadvydas v. Davis, 533 U.S. 678 (2001), and argued that he should have been released from incarceration because it has been more than six months since entry of a final order for his deportation. The court dismissed his petition for lack of jurisdiction by order dated June 12, 2003, holding that German was not in the custody of the INS.

German has now moved, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for relief from the judgment in his case. That motion is denied.

German argues that the Second Circuit's decision in Simmonds v. Immigration and Naturalization Service, 326 F.3d 351 (2d Cir. 2003), makes clear that a person subject to a final order of deportation is within the custody of the INS for purposes of bringing a habeas petition to challenge his removal, and therefore that this court erred in concluding that it lacked jurisdiction over the petition. German misapplies the holding of Simmonds to his own situation.

German is still serving his state sentence and his petition does not challenge his final order

---

[1] The petitioner spells his surname "Germain," but government records spell it "German."

of deportation, so the holding in Simmonds is inapposite. Instead, German assumes that the time within which the INS can constitutionally detain him while seeking to effect his deportation begins to run with the entry of his final order of deportation rather than with the conclusion of his state sentence of incarceration. That assumption is incorrect, because the INS has no obligation to effect German's deportation before he completes his state sentence. 8 U.S.C. § 1231(a)(4)(A); see Thye v. United States, 109 F.3d 127, 128 (2d Cir. 1997) ("[W]hether or not one is to be deported ... prior to completing a prison term is a matter solely within the discretion of the Attorney General."). At present, there is no reason to believe that the German will not be deported within a reasonable time after being remanded to the physical custody of the INS and therefore no reason to believe that German will ever have a valid claim under Zadvydas. Thus, unlike the claims raised by the petitioner in Simmonds, see Simmonds, 326 F.3d at 358, German's claims are not ripe – because they do not raise a live case or controversy – and therefore the court lacks jurisdiction to hear them.

      For the foregoing reasons, German's motion for relief from judgment (doc. # 12) is denied.

      It is so ordered.

      Dated at Bridgeport, Connecticut this 20th day of October 2003.

                                          /s/ Stefan R. Underhill
                                          Stefan R. Underhill
                                          United States District Judge